UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-48-FDW
[3:08cr214-FDW-1]

| | |
|---|---|
| DAVIAN JEROME HERRON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on Respondent's Response in Support of the Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 2).

On September 9, 2009, Petitioner was convicted in this Court of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Petitioner was ultimately sentenced to 50 months in prison, and this Court entered its judgment on September 17, 2009. Petitioner did not appeal, served his sentence, and was released. On January 23, 2013, the probation office filed a petition seeking revocation of Petitioner's supervised release based on numerous new offenses. Petitioner's initial appearance was held on the same day, and the Court granted a motion for detention by the government. Two days later, on January 25, 2013, Petitioner filed the instant petition, contending that he is entitled to relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner's detention hearing is scheduled to be held in this Court on February 1, 2013.

Respondent contends in its Response that none of Petitioner's underlying state court

felonies carried with them a sentence of more than one year. Respondent concedes that, under Simmons, Petitioner lacks a qualifying, predicate conviction for purposes of being convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Respondent, therefore, seeks to waive the applicable one-year limitations period and requests that this Court vacate its judgment of conviction against Petitioner in 3:08cr214.

A Section 2255 claim not brought within one year of the date on which a conviction has become final under Section 2255(f) is procedurally barred. A procedural bar, however, may be excused where the petitioner demonstrates "cause and prejudice," or "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998). Here, the government concedes that Petitioner is actually innocent of the felon-in-possession conviction, and the government has expressly waived the one-year limitation period. The Supreme Court held in Day v. McDonough, 547 U.S. 198, 205, 209, 211 n.11 (2006), that where the government intelligently chooses to waive a statute of limitations defense, a district court is not at liberty to disregard that choice. Although Day involved a state habeas petition, this Court finds that where the government intelligently waives the one-year limitations period in the context of a motion under Section 2255, the logic of Day would direct that this Court is not at liberty to disregard that waiver.

In sum, because Respondent has expressly waived the one-year limitations period,[1] has conceded that Petitioner is actually innocent of the felon-in-possession conviction under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and has requested that this Court vacate Petitioner's conviction, and because the Court agrees that Petitioner is actually innocent

---

[1] The conclusion here does not run afoul of the Fourth Circuit's recent decision in Powell v. United States, 691 F.3d 554 (4th Cir. 2012), because in Powell the government did not waive the one-year limitations period, nor did it seek to have the Court vacate Powell's convictions.

under Simmons,

**IT IS HEREBY, ORDERED, ADJUDGED, AND DECREED** that:

(1) Petitioner's Motion to Vacate is **GRANTED** and petitioner's conviction is hereby **VACATED**;

(2) Inasmuch as Petitioner's conviction has been vacated, his sentence is also **VACATED**, and he is **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service and/or any conditions of supervised release/bond imposed in this matter.

(3) To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

(4) The Clerk of Court will certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Signed: January 31, 2013

Frank D. Whitney
United States District Judge